JOSEPH E. HURFF v. JOSEPH ARMSTRONG, OVERSEER, &c., OF, &c., OF THE CITY OF CAMDEN.

1. On appeal to the sessions from an order of two justices in bastardy proceedings, the sessions must re-try the cause and render an independent judgment on the merits—a judgment of affirmance or reversal merely is irregular, and will be set aside.
2. Under the revised charter of the city of Camden, passed in 1871, bastards are chargeable to the city and not to any single ward. Bastardy proceedings are properly instituted by the overseer for the ward in which the child is born.

On *certiorari* in matter of bastardy.

Argued at November Term, 1875, before Justices DIXON and REED.

For the plaintiff in *certiorari*, *C. T. Reed.*

For the defendant, *Hugg.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* in this case brings up for review the proceedings of the Quarter Sessions of Camden county, on appeal by the plaintiff, Hurff, from the order of two justices made against him as the father of a bastard child, upon the application of Armstrong, overseer of the poor, chosen in the fourth ward of the city of Camden, where the child was born.

Most of the reasons relied on for the reversal of the proceedings of the sessions, are objections to the proceedings before the justices: to the examination of the mother, the complaint of the overseer, the warrant for the father's arrest, the notice to him of the examination and its service, and the order of the justices. It has already been decided in this court, that when the jurisdictional facts appear upon the order of the justices, the party complaining of the order cannot both appeal to the sessions, and also take advantage of errors of the justices by *certiorari;* those errors are merely errors in procedure, and are conclusively waived by the appeal. Neither in the sessions nor in this court will they be considered. In this case it appears on the order that a bastard child was born in the fourth ward of the city of Camden, chargeable to the city, and that upon application of the overseer of the poor of that ward, the justices had caused the plaintiff, Hurff, to appear before them, and had examined the matter, and adjudged him to be the father of the child. These facts conclusively justify the making of an order against him, to this extent, that when he appealed therefrom to the sessions, the duty of the sessions was simply to re-try the cause upon the substantial merits, regardless of the mistakes of the justices. *State, Dunn, pros.,* v. *Overseer, &c.,* 3 *Vroom* 275; *State* v. *Bidleman,* 2 *Harr.* 20; *Vannoy* v. *Givens,* 3 *Zab.* 201.

This court will, therefore, on this *certiorari,* not look behind the proceedings of the sessions for errors. The reasons filed which relate to these proceedings are, that the sessions had no jurisdiction in the case; that they refused to reverse because of errors of procedure before the justices; that the judgment rendered by the sessions was unauthorized by the statute, and that their order was illegal. The first two of these reasons are answered by what has been already said. The plaintiff's appeal gave them jurisdiction, and on that appeal they had no concern with the mistakes in procedure below. As to the other two reasons, no error appears, except in the order. The order of the sessions was, that they found

the appellant to be the putative father of the bastard child, mentioned in the order of the justices, and that the judgment of the justices be affirmed, and that the order made by them in pursuance thereof do stand confirmed. This order is insufficient. The order on appeal, *ipso facto*, nullifies the order of the two justices, and, therefore, cannot, at the same time, confirm it. The sessions must render an independent judgment, and not one of affirmance or reversal merely. They must re-try the cause, and make such order as the testimony before them may warrant. *Vannoy* v. *Givens, supra ; State, Dunn, pros.,* v. *Overseer, &c., supra ; Strader* v. *Freeholders of Sussex Co.,* 3 *Green* 433 ; *Hendricks* v. *Craig,* 2 *South.* 567 ; *Woodruff* v. *Badgley,* 7 *Halst.* 367 ; *Hann* v. *Gosling,* 4 *Halst.* 248.

This order must, therefore, be reversed, and the record remitted to the sessions, in order that the cause may be proceeded in according to law.

In the case of *Doremus* v. *Howard,* 3 *Zab.* 390, where the judgment of the Common Pleas was, " that the judgment of the justice be affirmed," this court, after some hesitation, remitted the record for correction, without a new trial. In that case, however, there was a verdict of a jury in the Common Pleas, and the sole duty of the court was to render judgment upon that verdict. Here there is no record in the Court of Quarter Sessions of the facts found upon which they should base an order ; and there must, therefore, be a new trial before the sessions.

Some confusion seems to have existed as to whether the bastard was chargeable to the ward in which it was born, or to the city. It is quite clear that, under the revised charter of the city of Camden, (*Laws,* 1871, *p.* 210,) the bastard is chargeable to the city, and the order must be for the relief of the city. It is proper that the application should be made by the overseer of the ward in which the child was born, but in no way can any ward, as such, become liable for its support ; nor is any power or duty in reference to the poor,

beyond the selection of an overseer, confided to the ward ; all the power and all the duty belong to the city.

The other questions discussed can be settled before the sessions on the new trial, in accordance with principles which this court has already often declared.

The costs of the *certiorari* are not allowed.